# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, et al., | Case No. 2:18-cv-01677-RFB-BNW |
| Plaintiffs, | |
| v. | **SCREENING ORDER** |
| ZURICH INSURANCE COMPANY, INC., et al., | |
| Defendants. | |

Pro se plaintiffs Wendell Dwayne O'Neal and Thirteenth Dimension, LLC bring this lawsuit that arises out of a dispute about commercial liability insurance for automobiles advertised for rent on Craigslist. In the 66-page complaint, plaintiffs bring claims against Zurich Insurance Company, Inc. and eight other defendants. Plaintiffs move to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) O'Neal submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. O'Neal's request to proceed *in forma pauperis* therefore will be granted.[1] The court now screens O'Neal's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

Also before the court is O'Neal's motion to file electronically (ECF No. 2), filed on August 31, 2018.

Also before the court is O'Neal's notice of outstanding filing fee waiver decision (ECF No. 4), filed on April 18, 2019. The court construes this notice as a motion.

---

[1] Plaintiff Thirteenth Dimension, LLC did not move to proceed *in forma pauperis*. For the reasons discussed in this screening order, the court is recommending dismissal of the case. If the court's recommendation is adopted by the assigned United States district judge and Thirteenth Dimension decides to file a new case, Thirteenth Dimension is advised that it must file an application to proceed IFP or pay the applicable filing fee. The court's determination regarding O'Neal's IFP status does not extend to Thirteenth Dimension.

# I. ANALYSIS

## A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## B. Screening the complaint

O'Neal brings a case on behalf of himself and Thirteenth Dimension, LLC for damages they suffered related to a scheme regarding rental cars that allegedly were offered for rent by defendant Roadrunner, advertised on the website Craigslist, and insured by Zurich. (*See generally* Compl. (ECF No. 1-1) at 1-8.) Specifically, O'Neal alleges defendants discriminated

against African Americans and misrepresented the availability of liability insurance coverage for short-term leases of California rental cars in Las Vegas, Nevada. (*Id.* at 6-8.) O'Neal further alleges intricate facts regarding his grandchildren's involvement in a transaction with Roadrunner and his subsequent investigation of that transaction. (*Id.* at 10-31). O'Neal also describes emotional damages he has suffered due to his previous designation as a vexatious litigant in this district in litigation involving the defendants. (*Id.* at 29-33.) Finally, he makes various allegations regarding allegedly improper conduct that defendants engaged in during previous litigation in this court and Nevada state court. (*Id.* at 34-60.) O'Neal requests $7,500 in monetary damages and punitive damages in excess of $10 million. (*Id.* at 61-66.)

Pro se litigants have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. But pro se litigants do not have authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (stating that a non-attorney plaintiff may not pursue a claim on behalf of others in a representative capacity). The rationale for this rule is that the "competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that it was an error to permit an inmate who was unrepresented by an attorney to represent other inmates in a class action against the prison superintendent). Additionally, limited liability companies cannot represent themselves and must be represented by an attorney. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney.").

Given that O'Neal is a pro se litigant and does not have the authority to represent Thirteenth Dimension, this case cannot proceed as to both plaintiffs. Further, this case cannot proceed as to O'Neal as an individual. Although O'Neal specifically identifies the harm that he suffered, O'Neal does not specify which factual allegations in the complaint pertain to him and which allegations pertain to Thirteenth Dimension. Thus, even liberally construing O'Neal's complaint, given the interconnectedness of the intricate factual allegations, the court is unable to determine which allegations apply only to O'Neal. The court therefore will recommend dismissal of the complaint without prejudice for O'Neal (1) to file an amended complaint solely on his own

behalf, and/or (2) to retain an attorney to represent Thirteenth Dimension, who should determine what claims, if any, to pursue on behalf of Thirteenth Dimension.

If O'Neal chooses to file an amended complaint on his own behalf, he is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, O'Neal still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

O'Neal further is advised that in drafting his amended complaint, all this is required is that he state, in short and plain terms, a claim showing an entitlement to relief. *See* Fed. R. Civ. P. 8(a). Although O'Neal must give the defendants fair notice of the claims alleged against them, intricately detailed and lengthy factual allegations are not necessary. O'Neal further is advised that the Federal Rules of Civil Procedure rely on discovery and summary judgment, rather than the pleadings, to flesh out the disputed facts of the case. *See* Fed. R. Civ. P. 26-37, 56. Thus, O'Neal need not attach lengthy exhibits and other evidence to his amended complaint. If the amended complaint survives the screening process, O'Neal will have an opportunity to gather evidence in support of his claims during discovery and to present that evidence at summary judgment and/or at trial.

Finally, O'Neal is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) and his exhibits no longer serve any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. If O'Neal retains an attorney to represent Thirteenth Dimension, it will be up to the attorney to decide what action, if any, to take on behalf of Thirteenth Dimension.

## II.     ELECTRONIC FILING

O'Neal requests permission to file, receive, and serve documents electronically in this case. The court will grant his request under Local Rule IC 2-1(b), which states that a "pro se litigant may request the court's authorization to register as a filer in a specific case." For the purpose of this rule, a "filer" is defined as "a person who is issued a login and password to file documents in the court's electronic filing system." LR IC 1-1(b). Plaintiff must comply with the following procedures to activate his CM/ECF account:

(1) By **October 9, 2019**, Plaintiff must file a written certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. Plaintiff is advised that he is not authorized to file electronically until this certification is filed with the court within the time frame specified.

(2) After timely filing the certification, Plaintiff must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

## III.    CONCLUSION AND RECOMMENDATION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that plaintiff's motion to file electronically (ECF No. 2) is GRANTED as stated in this order.

IT IS FURTHER ORDERED that plaintiff's notice of outstanding filing fee waiver decision (ECF No. 4), which the court construes as a motion for action on his IFP application, is GRANTED.

IT IS RECOMMENDED that plaintiff's complaint (ECF No. 1-1) be DISMISSED without prejudice for plaintiff (1) to file an amended complaint solely on his own behalf, and/or (2) to retain an attorney to represent Thirteenth Dimension, who should determine what claims, if any, to pursue on behalf of Thirteenth Dimension.

IT IS FURTHER RECOMMENDED that plaintiff be given a deadline for filing an amended complaint.

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 10, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE