# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Wendell Dwayne O'Neal,

    Plaintiff,

v.

Zurich Insurance Company Inc., et al.,

    Defendants.

Case No. 2:18-cv-01677-RFB-BNW

**Omnibus Order**

    Plaintiff Wendell Dwayne O'Neal initiated this matter in August 2018 with an application to proceed in forma pauperis ("IFP") and accompanying complaint. ECF No. 1. Pending before the district judge is a motion by defendants to dismiss the complaint with prejudice and designate O'Neal a vexatious litigant. ECF No. 22.[1] There are currently 17 pending motions on the Court's docket. In June 2021, the district judge issued an order staying this case and directing the Clerk of Court not to accept any additional filings from O'Neal. ECF No. 86.

    By now it is a "well-established" principle that trial courts "have the inherent power to control their dockets." *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). Courts can exercise this power to "manage their cases and courtroom effectively." *Id.* (citing *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (per curiam)).

    Here, in light of the district judge's order staying this matter, the Court in its discretion finds that denial without prejudice of the motions currently pending before the magistrate judge

---

[1] In December 2020 the Northern District of Alabama declared O'Neal a vexatious litigant and issued an order permanently enjoining him "from serving or filing new actions or other legal documents without pre-service or pre-filing leave of court." *O'Neal v. Allstate Indemnity Ins. Co., Inc.*, 505 F. Supp. 3d 1193, 1208–09 (N.D. Ala. 2020). The Court described his filings as "constant, abusive, and enormously costly." *Id.* at 1208. "Parties forced to defend themselves against O'Neal's unmitigated abuse must spend considerable time parsing his repetitive, jargon-rich pleadings, and spend their money on legal fees or, if attorneys, on increased malpractice-insurance premiums." *Id.* Further, "[c]ourts across the nation have because of O'Neal spent countless hours reviewing filings, holding hearings, and drafting orders that lead invariably to dismissal." *Id.*

would help the Court manage its docket effectively and "with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To the extent O'Neal's claims survive defendants' motion to dismiss, the parties are welcome to re-file their motions. For now,

IT IS ORDERED that plaintiff's motion for judicial notice (ECF No. 38) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for supplemental notice (ECF No. 39) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for clerk to process USM-285 re [37] (ECF No. 42) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for judicial notice (ECF No. 58) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for judicial notice (ECF No. 62) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (ECF No. 68) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to compel (ECF No. 70) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's to compel (ECF No. 71) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for necessary and required joinder (ECF No. 77) is DENIED without prejudice.

DATED: July 12, 2021.

_____
Brenda Weksler
United States Magistrate Judge