UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wendell Dwayne O'Neal,<br><br>                      Plaintiff,<br><br>    v.<br><br>Zurich Insurance Company Inc., Empire Fire & Marine Insurance Company Inc, Corey Eichelberger, Bradley M Marx, Cisneros & Marias, Roadrunner Auto Group Rentals Inc., Lewis, Brisbois, Bisgaard and Smith LLP, Mannion Gray Uhl & Hill Co., Carol Millaud, Cymbalista Boaz, Janet Pancoast,<br><br>                      Defendants. | Case No. 2:18-cv-01677-RFB-BNW<br><br>**ORDER** |

### I.  INTRODUCTION

Before the Court for consideration is Defendants' Motion to Designate Wendell Dwayne O'Neal a Vexatious Litigant Pursuant to 28 U.S.C. § 1651 [ECF No. 22]. On August 13, 2021, the Court dismissed the operative complaint with prejudice [ECF No. 93]. In addition to their motion to dismiss [ECF No. 22], Defendants also made a motion to declare Plaintiff a vexatious litigant pursuant to the court's power under 28 U.S.C. § 1651.

### II.  PROCEDURAL BACKGROUND

On August 31, 2018, Plaintiff filed his original complaint. ECF No. 1. On July 22, 2019, Plaintiff filed an Amended Complaint with the same allegations. ECF No. 6. On July 2, 2020, this Court granted leave for Plaintiff to file his amended complaint. ECF No. 11. Plaintiff filed two subsequent amended complaints without leave. ECF No. 12, 15. On November 3, 2020, Defendants filed a Motion to Dismiss and Motion to Designate Wendell Dwayne O'Neal a Vexatious Litigant. ECF No. 22. Between July 20, 2020 and June 9, 2021, Plaintiff filed over twenty motions that were procedurally improper. On June 9, 2021, The Court ordered that Plaintiff

shall not file any additional filings and the Court shall not accept any additional filings from the Plaintiff. The Court also stayed the case at that time. ECF No. 86. On June 21, 2021, the Plaintiff sought a writ of mandamus against this Court seeking to lift the Court's June 9, 2021 order prohibiting additional filings until the motion to dismiss was decided. ECF No. 88. On July 15, 2021, the Ninth Circuit denied Plaintiff's petition stating that "Petitioner has not demonstrated that this case warrants the intervention of this court." ECF No. 90. On August 13, 2021, the Court held a hearing on Defendants' Motion to Dismiss and Motion to Designate Wendell Dwayne O'Neal a Vexatious Litigant. The Court granted the Motion to Dismiss with prejudice on the record. ECF No. 93.

Despite the Court's explicit direction, Plaintiff filed five more documents between August 16 and 20. ECF No. 94-98, see also Tr. of Hearing at 19-20, ln. 23-10, ECF No. 99 (MR. O'NEAL: For the record, I had a couple of documents that I was not able to file because of your vexatious litigant order. . . .I was just wondering if I can file those documents because I was unable to. THE COURT: No, Mr. O'Neal. As the Court has made a finding as it relates to standing, the Court doesn't find that those documents would be relevant. Also, as the Court has made a finding with respect to res judicata, the Court also finds it would not be appropriate for those documents to be filed. So I'm going to deny that request. MR. O'NEAL: Okay.").

### III.  FACTUAL BACKGROUND

The Plaintiff's complaint and subsequent papers are difficult to meaningfully decipher. However, the allegations in this case seem to center around an automobile accident in which an underage driver, who is related to the Plaintiff, drove a rental car vehicle into a wall. Individuals involved in the accident appeared to then hire the Plaintiff to file their insurance claims for the accident, which were denied by Defendants Zurich and Empire Fire & Marine Insurance Company Inc. Plaintiff alleges that various entities named in the suit have conspired and "falsified fiduciary relationship and commercial coverage existed in Nevada." ECF No. 9 at 1. These entities include the Nevada DMV, the named insurance companies, and the named law firms.

### IV. LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants" but such pre-filing orders should be "rarely used" to avoid "tread[ing] on a litigant's due process right of access to the courts." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citations omitted). A pre-filing order is only appropriate "after a cautious review of the pertinent circumstances." Id.

"Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" Id. (quoting De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir.1990)). To determine whether a pre-filing order is warranted, four factors must be examined. "First, the litigant must be given notice and a chance to be heard before the order is entered." Id. (citing De Long, 912 F.2d at 1147). "Second, the district court must compile 'an adequate record for review.'" Id. (quoting De Long, 912 F.2d at 1148). "Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." Id. "Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Id. (quoting De Long, 912 F.2d at 1148). The "ultimate substantive issue in resolving a motion for a pre-filing order" is "'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Id. at 1058 (quoting Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." Windsor v. Boushie, 677 F. App'x 311, 312 (9th Cir. 2017).

### V. DISCUSSION

Defendants argue in their motion that Plaintiff is a vexatious litigant who has filed four nearly identical cases in the state of Nevada: one case in state court and three other cases in federal court, all of which were dismissed. ECF No. 22 at 18-19. Each of these cases went up on appeal and none of those appeals overturned the Courts' initial determination on the merits of the claims.

Id. Furthermore, Defendants claim that Plaintiff has filed over 100 lawsuits in courts in other venues, including: seventy-four appeals before the Eight Circuit between 2005 and 2016, ECF No. 22-22, thirteen cases in the U.S. District Court for the District of Minnesota from 2005 to 2012, ECF No. 22-24, and eight cases in the U.S. District Court for the District of Arizona from 2010-2016, ECF No. 22-25. Defendants contend that "none of these cases appear to be successful, but were rather dismissed on a motion to dismiss, motion for summary judgement, or sua sponte by the Court." ECF No. 22 at 21. Defendant notes that both state and federal courts in Nevada have previously declared Plaintiff to be a vexatious litigant. Id. at 19-20.

Plaintiff argues that Defendants' motion to declare Plaintiff a vexatious litigant cannot prevail "where [Defendant] falsified a fiduciary relationship exists between Zurich and Roadrunner during ever prior litigation episode for judgement." ECF No. 28 at 14. Essentially, Plaintiff seems to rest his argument against the designation on the merits of the claim about "falsified coverage," which the Court here has deemed is a claim that he does not have standing to pursue. ECF No. 93. At the August 13, 2021 hearing, in response to the Court's questioning of the Plaintiff on the vexatious litigant motion, Plaintiff argued again that he should not be deemed a vexatious litigant because "I can establish that the defendants falsified that commercial coverage exists and that a valid rent-a-car lease agreement exists." Tr. of Hearing at 14, ln. 6-8, ECF No. 99.

The Court turns to the De Long factors to determine whether a pre-filing order should issue against Plaintiff. The Court finds that the first factor of notice and an opportunity to be heard has been satisfied. Plaintiff was given the opportunity to file a written brief in opposition to Defendant's motion and did so. See ECF No. 28. Additionally, Plaintiff was given an opportunity to argue against the motion at the August 13, 2021 hearing.

The Court now turns to a review of the record to satisfy the second De Long factor. Defendant has provided an Index of Exhibits in support of its motion that details Plaintiff's various litigation efforts in state and federal court in Nevada and with details on the docket numbers of cases in other federal circuits. ECF No. 22-1-25. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the docket in these cases as they are "documents on file in federal or

state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The exhibits indicate that Plaintiff has initiated four separate suits on these claims against similar sets of Defendants. Those cases are:

1. O'Neal v. Roadrunners, et. al., Case No. A-17-749842-C where summary judgement was granted for the Defendants, ECF No. 22-5, and the Plaintiff was later designated a vexatious litigant by the state court, ECF No. 22-10. Plaintiff then appealed and summary judgement in favor of Defendants was upheld by the Supreme Court of Nevada. See Case No. 72948, ECF No. 22-9. On the merits of summary judgement, the Supreme Court of Nevada found that "the record does not support [the allegation of fraud]." Id. at 3.
2. O'Neal v. Empire Fire & Marine Ins. Co., et. al., Case No. 2:16-cv-2313-JCM-CWH where the case was dismissed and the Plaintiff declared a vexatious litigant. In this case, there were 153 filings before the court dismissed the case, a large majority of which were irrelevant or frivolous motions filed by Plaintiff. Plaintiff again appealed to the Ninth Circuit, see Case No. 17-17282, Case No. 18-15591, ECF No. 22-12 (appeals consolidated in order). The Ninth Circuit upheld the dismissal of the case. However, the panel found that "the district court did not make explicit substantive findings as to the frivolousness of O'Neal's prior filings or narrowly tailor the scope of its pre-filing order" and overturned the District Court's vexatious litigant declaration. Id. at 3.
3. Wendell Dwayne O'Neal v. Darrell D. Denise, et al., Case No. 2:17-cv-02387-KJD-NJK where the Court dismissed the action on both the basis of untrue allegations made in Plaintiff's filing for in forma pauperis status and because the cases involved "the same parties, the same or similar claims, the same property, transactions and events; and the same or similar questions of law" as the previously decided case, finding that this litigation was "satellite litigation" filed because of disagreement with the outcome of the previously decided case. Id. at 3. Plaintiff again filed an appeal in the Ninth Circuit, which was again dismissed, this time for lack of jurisdiction. See Case No. 18-15113, ECF No. 22-18.
4. Wendell Dwayne O'Neal v. Terri Albertson, et. al., Case No. 2:17-cv-03025-JAD-DJA where the court found that Plaintiff's claims were "insufficiently plead [and]….fall squarely within § 1915(e)'s "frivolous" pleading standard….taken together, O'Neal's allegations are the exact type of 'fantastical or delusional scenarios' § 1915 was designed to weed out…." and therefore dismissed the case for lack of subject matter jurisdiction. Id. at 11.

As far as this Court can parse from the papers, each of these cases is based upon the same underlying set of facts: an automobile accident in which an underage driver, related to the Plaintiff, drove a rental vehicle into a wall. The individuals involved in the accident appeared to then hire the Plaintiff to file their insurance claims for the accident, which were denied by Defendant Zurich and Defendant Empire Fire. When Plaintiff's attempts to litigate the coverage denial in federal court were dismissed, Plaintiff began to allege that various entities were conspiring against him.

- 5 -

These entities include the Nevada DMV, the named insurance companies, and the named law firms. While the five cases (including this one) and their associated appeals name a slightly different set of defendants each time, the underlying factual claims rely on the same event and the allegations are the same or similar.

Additionally, Plaintiff has been twice named as a vexatious litigant in the state of Nevada. In O'Neal v. Roadrunners, et. al., Case No. A-17-749842-C, the Nevada state court took notice of all the cases and appeals filed by the Plaintiff in other jurisdictions and took further note of nine filings it deemed "incognizable and/or meritless" finding O'Neal to be a vexatious litigant and placing a pre-filing restraint upon him. Id. at 2. In O'Neal v. Empire Fire & Marine Ins. Co., et. al., Case No. 2:16-cv-2313-JCM-CWH, ECF No. 22-11, Plaintiff was briefly declared a vexatious litigant after the Court found that this case was an example of "a plaintiff frivolously attempting to represent interests of third parties as a pro se litigant. After the Eighth Judicial District Court declared plaintiff a vexatious litigant, he turned to federal court to continue pursuing baseless claims." Id. at 4. The Court further found that the Plaintiff had a long history of filing multiple frivolous, "duplicative lawsuits based on the same factual allegations." Id. Filings in that case indicate multiple instances of Plaintiff filing multiple lawsuits in the same jurisdiction on the same set of facts.[1] See Docket of Case No. 2:16-cv-2313-JCM-CWH at ECF No. 168 at 3, 8-10.

Finally, the sheer volume of litigation in other federal and state courts and lack of success on the merits in those suits points to a "steady pattern of costly, abusive, and vexatious filing behavior." O'Neal v. Allstate Indem. Ins. Co., Inc., 505 F. Supp. 3d 1193, 1206 (N.D. Ala. 2020). In November 2020, an Alabama District Court found that "O'Neal had demonstrated a years-long pattern of filing frivolous lawsuits throughout the country, imposing enormous costs on

---

[1] In 2009, the U.S. District Court for the District of Minnesota dismissed three cases that it found arose from a single incident where the Court concluded that "O'Neal was arrested by the St. Paul Police and taken into custody and released later that day after pleading guilty to a petty misdemeanor charge of trespass." In 2012, Plaintiff filed six appeals on one order before the Eight Circuit Court of Appeals. From 2014-2017, Plaintiff filed multiple complaints against the same defense attorneys arising from the same underlying claim in the state of Arizona. In the order dismissing one such suit, the Court's order stated that "the Court dismissed the Defendants from this suit because Plaintiff had previously named [defense attorneys] Ms. Adams and Ms. Rublacava as defendants in at least two previous lawsuits involving this same transaction. Both of those cases were dismissed with prejudice." See Docket of Case No. 2:16-cv-2313-JCM-CWH at ECF No. 168 at 3, 8-10.

- 6 -

defendants, attorneys, and judicial systems throughout the country." Id. That Court found that Plaintiff had been involved in "at least forty-seven cases in the District Courts of Alabama, Michigan, Minnesota, New Jersey, Nevada, and the District of Columbia" as well as "at least twenty-seven appeals in the Eighth, Ninth, and Eleventh Circuit Courts of Appeal." Id. Exhibits attached to Defendant's motion here further indicate the voluminous amount of litigation filed by the Plaintiff over the last fifteen years. See ECF No. 22-1-25.

It is clear from the record reviewed that the number and content of Plaintiff's filings supports a finding that Plaintiff's litigation has been both frivolous and harassing, thereby satisfying De Long's third factor. To decide whether a litigant's actions are frivolous and harassing, the district court must look "at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Molski, 500 F.3d at 1059 (internal quotations omitted). As discussed above, Plaintiff has a pattern of vexatious and harassing filing behavior, having been involved with a large volume of litigation across the nation. State and federal courts from Alabama to Arizona have variously categorized Plaintiff's filing behavior as vexatious. Beyond that, this is the fifth action in the state of Nevada where Plaintiff has sued on the basis of the same underlying facts against the same or similar defendants on the basis of the same or similar legal theories. The Plaintiff has not succeeded in prevailing on the merits in a single one of these cases, most of which have also had significant jurisdictional issues. Furthermore, despite the Court's explicit order that Plaintiff refrain from filing any more motions or documents in this litigation after the Court dismissed this action and the Plaintiff's explicit recognition of this order, the Plaintiff continued to file five more documents or motions over a five-day period. See ECF No. 94-99. Consequently, it is clear that Plaintiff's attempts to litigate these claims are not only numerous, but "patently without merit." Id. (internal quotations and citation omitted).

In accordance with De Long's fourth and final factor, which requires that a pre-filing order be "narrowly tailored to the vexatious litigant's wrongful behavior," the Court institutes a pre-filing order which prevents Plaintiff from filing in the District of Nevada any new complaint, petition, or other action against any insurance company or related entity on behalf of the individuals who were insured or involved in the accident underlying this complaint, particularly

those naming 1) Roadrunner Auto Group, Inc., 2) Roadrunner Rentals, Inc. and any employees thereof, 3) Zurich Insurance Company Inc. and any employees thereof, 4) Empire Fire & Marine Insurance Company, Inc. and any employees thereof, 5) Cisneros & Marias and any employees thereof, 6) Lewis, Brisbois, Bisgaard & Smith LLP and any employees thereof, and 7) Mannion Gray Uhl & Hill Co. and any former employees thereof without first obtaining leave from the Magistrate Judge assigned to his case. This will not preclude Plaintiff's access to the courts when necessary and appropriate but will nonetheless help to ensure that he no longer engages in "[f]lagrant abuse of the judicial process." De Long, 912 F.2d at 1148.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Designate Wendell Dwayne O'Neal a Vexatious Litigant pursuant to 28 U.S.C. § 1651 [ECF No. 22] is GRANTED. Plaintiff Wendell Dwayne O'Neal is deemed a vexatious litigant and may not file in the District of Nevada any new complaint, petition, or other action against any insurance company or related entity on behalf of the individuals who were insured or involved in the accident underlying this complaint, particularly those naming 1) Roadrunner Auto Group, Inc., 2) Roadrunner Rentals, Inc. and any employees thereof, 3) Zurich Insurance Company Inc. and any employees thereof, 4) Empire Fire & Marine Insurance Company, Inc. and any employees thereof, 5) Cisneros & Marias and any employees thereof, 6) Lewis, Brisbois, Bisgaard & Smith LLP and any employees thereof and 7) Mannion Gray Uhl & Hill Co. and any former employees thereof, without first obtaining leave from the Magistrate Judge assigned to his case.

The Clerk of the Court is instructed to close this case.

DATED: August 25, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**